UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WADE GISCLAIR                              CIVIL ACTION

VERSUS                                     NO. 05-5223

GALLIANO MARINE SERVICE, ET AL.            SECTION R(5)


**ORDER AND REASONS**

Before the Court is a motion *in limine* to exclude the expert report and testimony of David Cole, by defendants Alpha Marine Services International and Edison Chouest Offshore International. For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion.

**I. BACKGROUND**

This case arises out of an incident that occurred in December 2004 aboard two vessels in Port Fourchon, Louisiana. At the time, the vessel C-MARLIN was docked next to the vessel EASTERN SPIRIT. The EASTERN SPIRIT was owned by defendant Edison Chouest Offshore International (ECOI) and the C-MARLIN was owned by defendant Alpha Marine Services International (AMSI).

Plaintiff Wade Gisclair, the captain of the C-MARLIN, was employed by Galliano Marine Service.

In late December 2004, the freezer aboard the EASTERN SPIRIT began to malfunction. Defendant Sealand Mechanical attempted to fix the broken freezer but was unsuccessful. On December 24, 2004, the temperature in the freezer aboard the EASTERN SPIRIT began to rise. As a result, the crews of the two vessels were forced to transfer all of the items that were in the EASTERN SPIRIT's freezer to the C-MARLIN's freezer. While transferring these items, Gisclair alleges that he injured his lower back.

On November 1, 2005, Gisclair sued Galliano Marine, Alpha Marine Services (AMS), and Sealand. Gisclair eventually added ECOI and AMSI as defendants and the Court dismissed Galliano and AMS for failure to prosecute. ECOI and AMSI cross-claimed against Sealand, seeking defense and indemnity under the Master Access Agreement between Edison Chouest Offshore, a company related to ECOI and AMSI, and Sealand.

## II. MOTION IN LIMINE

ECOI and AMSI move to exclude the proposed testimony and expert report of Captain David Cole. Movants argue that Cole did not rely on any specialized or scientific knowledge or expertise in reaching his conclusions, but that his testimony was instead based on conjecture or speculation. As a preliminary matter,

Gisclair does not intend to offer Cole as an expert on "any . . . issues surrounding the stairs themselves." (R. Doc. 57 at p. 8). For this reason, Gisclair does not oppose the motion as applied to testimony about the condition of the stairway upon which Gisclair was standing when he allegedly suffered his injury. *Id.*

Movants challenge two other aspects of Cole's expert conclusions. First, movants argue that Cole's conclusion that the EASTERN SPIRIT was improperly manned was based on speculation as to the meaning and applicability of Vanuatu vessel regulations. Movants contend that Cole's conclusion, based on his inspection of the Minimum Safe Manning Certificate issued by the Vanuatu Maritime Authority, has insufficient basis in fact, as is evidenced by Cole's testimony that he did not consult Vanuatu regulations or rules regarding the certificate.

The crux of the dispute here is what law applies to the manning and equipment requirements of the vessel. The Court determines the law to be applied. The Court will admit Cole's testimony because it will be helpful if the Court determines that plaintiffs are correct as to the choice of law.

This matter is set for a bench trial in less than two weeks. The Court has already reviewed the expert report of David Cole. To the extent the Court finds that the opinions therein or those expressed at trial have an insufficient basis, the Court may choose to disregard them at that time. There is therefore no

threat of prejudice by exposure to immaterial evidence. It is well-settled that a Court's discretion to admit or exclude expert evidence is greater when the trial judge is the trier of fact. *See Goodman v. Highlands Inc. Co.*, 607 F.2d 665, 668 (5th Cir. 1979). The Court finds that movants have not carried their burden of demonstrating that the expert report and testimony should be excluded. The Court grants the motion *in limine* only to the extent it seeks to exclude David Cole's report and testimony on the configuration of the stairway aboard the C-MARLIN; the Court denies the motion as to the two other opinions.

## III. CONCLUSION

For the reasons stated above, the motion *in limine* is GRANTED IN PART and DENIED IN PART.

New Orleans, Louisiana, this 19th day of April, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE